## No. 773

### BOWMAN et al v. GREINER

Ohio Appeals. —— District, Lucas County
No. 1274. Decided June 28, 1923

**27. SALES.**

Even though there is a repudiation by one party to a sale, the other must prove an ability to perform, at the time specified, before entitled to damages.

**2. AGENCY.**

Where express authority of an agent is in parol, the evidence must be clear and definite.

KINKADE, J.

#### Epitomized Opinion

This was an action for damages for breach of contract. Greiner claimed that Galen and Helen Bowman entered into a written contract with him whereby they agreed to sell and transfer a house and lot for the sum of $15,000. According to the terms of the written contract, $1,000 was to be paid at the time of the execution of the agreement and the balance was to be paid when the property was conveyed to the vendee clear and free of all encumbrance. The conveyance was to be made within ten days after the signing of the agreement. The agreement was signed by Galen Bowman, but was not signed by his wife, Helen, who owned one-half interest in the premises. Two days after the agreement was signed, Bowman repudiated it. At the trial the plaintiff maintained that Bowman acted as his wife's agent; the defendant maintained that Bowman signed for himself, but not for his wife, and therefore she was not bound by the agreement. No evidence was offered by the plaintiff at the trial to prove that he was able to perform his part of the agreement at the time that the Bowmans were to make the conveyance. The jury returned a verdict for the plaintiff in the sum of $500, whereupon defendant prosecuted error. In reversing the judgment of the lower court, the Court of Appeals held:

1. Although the vendors repudiated the contract of sale, the vendee must offer proof of the ability to perform at the time specified, as the question of whether the vendee suffered any loss or damage flowing from the breach of the contract would depend upon whether or not he was able to pay for it according to the terms of the contract.

2. Where the express authority of an agent to sign an agreement in writing for the sale of lands rests in parol, the proof must be clear and convincing, not only of such parol authority, but also that the authority was such as to permit the inclusion of all the material terms which were embodied in the instrument. As the proof in this case was not clear on that point, the verdict was manifestly against the weight of the evidence. 88 OS. 192.

Attorneys—Geer & Lane, for Bowman et al; Manton & Manton, for Greiner.